Keith D. Yandell (SBN 233146)
REED SMITH LLP
1999 Harrison Street, Suite 2400
Oakland, CA 94612-3572

**Mailing Address:**
P.O. Box 2084
Oakland, CA 94604-2084

Telephone: +1 510 763 2000
Facsimile: +1 510 273 8832

Gary S. Caplan (*pro hac vice*)
REED SMITH LLP
10 South Wacker Drive, 49th Floor
Chicago, IL 60606-7507

Telephone: +1 312 207 1000
Facsimile: +1 312 207 6400

Attorneys for Defendant World Savings Bank, FSB

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELMER and KATHY BUICK, | Case No. 2:07-CV-01447-MCE-KJM |
| Plaintiffs, | **STIPULATED PROTECTIVE ORDER** |
| vs. | Honorable Morrison C. England, Jr. |
| WORLD SAVINGS BANK, TRANSAMERICAN FINANCIAL CORPORATION, | |
| Defendants. | |

1.  PURPOSES AND LIMITATIONS:

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 39-141 sets forth the procedures that must be followed and reflect the standards that will be applied when a party seeks permission from the court to file material under seal.

2.  DEFINITIONS

2.1  Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2  Disclosure or Discovery Material:  all items or information, regardless of how generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3  "Confidential" Information or Items:  information (regardless of how generated, stored or maintained) or tangible things that (i) constitute a trade secret or confidential or private financial, research, development or commercial information, or might be of competitive value to any entity other than the Designating Party; (ii) continue private consumer information; or (iii) were received in confidence from third parties.

2.4     Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.5     Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.6     Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

2.7     Protected Material: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly confidential – Attorneys' Eyes Only."

2.8     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.9     Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.     SCOPE

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all

copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

### 4. DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

### 5. DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for Protection.  Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify -- so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" at the top or bottom of each page that contains protected material.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Before producing the specified documents, the Producing Party must affix the appropriate legend at the top or bottom of each page that contains Protected Material.

(b)    for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY."  When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to

have up to 30 days to identify the specific portions of the testimony as to which protection is sought. Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top or bottom of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

(c) for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY".  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions.

5.3    Inadvertent Failures to Designate. If a party inadvertently produces information that it later discovers, or in good faith asserts, to be privileged or otherwise protected from disclosures, the production of that information will not be presumed to constitute a waiver of any applicable privileges or other protection.  In these circumstances, the producing Party must immediately notify all parties in writing of the inadvertent production and the basis for the privilege or other protection from production, and request in writing the return or confirmed destruction of the privileged or protected information.  Within five days of receiving such notification, and in compliance with the Receiving Parties' ethical obligations under the law, all Receiving Parties' ethical obligations under the law, all Receiving Parties who have not already reviewed such materials or who have reviewed the materials but do not contest the applicability of the privilege asserted must return or confirm destruction of all such materials, including copies and/or summaries thereof.  However, should a Receiving Party contest the applicability of a privilege asserted with

respect to an inadvertently produced document which the Receiving Party has already reviewed, the Receiving Party may temporarily retain the document or documents at issue for the sole purpose of contesting the applicability of the privilege asserted. Within two (2) business days of the issuance of a court order deeming the contested documents at issue privileged, however, the Receiving Party must return or confirm destruction of all such materials, including copies and/or summaries thereof.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring in writing with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3 Judicial Intervention. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and

that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 10, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) The Receiving Party's counsel of record in this action, as well as employees and agents of said counsel to whom it is reasonably necessary to disclose the information for this litigation;

          (b)       The Receiving Party, and the officers, directors, and/or employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

          (c)       Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound by Protective Order" (Exhibit A);

          (d)       The Court and its personnel, including any Court-appointed mediators;

         (e)       Court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

         (f)       The author of the document or the original source of the information.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designed "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" only to:

          (a)      the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

          (b)      the Court and its personnel, including any Court-appointed mediators;

(c) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound By Protective Order" (Exhibit A); and

(d) the author of the document or the original source of the information

(e) Potential expert witnesses who have signed the "Agreement to Be Bound By Protective Order" (Exhibit A)

8.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by facsimile, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Stipulated Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating

1  Party shall bear the burdens and the expenses of seeking protection in that court of its confidential

2  material.  Nothing in these provisions should be construed as authorizing or encouraging a Receiving

3  Party in this action to disobey a lawful directive from another court.

5      9.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

7  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

8  Material to any person or in any circumstance not authorized under this Stipulated Protective Order,

9  the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

10  disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the

11  person or persons to whom unauthorized disclosures were made of all the terms of this Order, and

12  (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound"

13  that is attached hereto as Exhibit A.

15      10.      FILING PROTECTED MATERIAL

17  Without written permission from the Designating Party or a court order secured after

18  appropriate notice to all interested persons, a Party may not file in the public record in this action

19  any Protected Material.  A Party that seeks to file under seal an Protected Material must comply with

20  Civil Local Rule 39-141.

22      11.      FINAL DISPOSITION

24  Within sixty days of the final termination of this action, at the request of any Producing

25  Party, each Receiving Party shall either return all Protected Material to the Producing Party or

26  destroy all Protected Material.  As used in this subdivision, "all Protected Material" includes all

27  copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the

28  Protected Material.  Whether the Protected Material is returned or destroyed, within sixty days of the

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Producing Party's request, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

12. MISCELLANEOUS

12.1 Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1 | I hereby attest that I have received approval to file this document from the other
2 | signatories whose signatures are indicated below by a "conformed" signature (/s/).

3

4 | DATED: December 16, 2008.    REED SMITH LLP

5

6 |                              By    /s/ Keith D. Yandell
7 |                                    Keith D. Yandell
                                       Attorneys for World Savings Bank, FSB

8

9 | DATED:  December 16, 2008.   By    /s/ Marie Noel Appel
                                       Marie Noel Appel
10 |                                   Attorney for Plaintiffs Elmer & Kathy Buick

11

12 | DATED:  December 16, 2008.  By    s/ Brian DeAmicis
                                       Brian DeAmicis
13 |                                   Attorney for Defendant Transamerican Financial
                                       Corporation

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 12 –

Stipulated Protective Order

US_ACTIVE-100894009

1 | **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

2 | DATED: _____, 2008

                                         Hon. Morrison C. England
                                         United States District Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the Eastern District of California, on _____ in the case of *Buick v. World Savings Bank, et al.*, Case No. 2:07-CV-01447-MCE-KJM.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                    [printed name]

Signature: _____
                 [signature]