**CONSUMER LAW OFFICE**
**OF MARIE NOEL APPEL**
44 MONTGOMERY STREET, SUITE 3830
SAN FRANCISCO, CALIFORNIA 94104

TEL. 415.901.0508
FAX. 415.901.0504
marie@consumerlaw.ws

July 17, 2009

Honorable Kimberly J. Mueller
United States District Court
Eastern District of California
Courtroom 26 - 8th Floor
501 I Street
Sacramento, California 95814

    Re:   *Elmer and Kathy Buick v. World Savings Bank, et al.*
           U.S. Dist. Ct., E.D Case No. 2:07-CV-01447

Dear Judge Mueller:

Pursuant to the Court's July 9, 2009 order, Plaintiffs submit this letter brief advising the Court whether defendant Transamerican Financial Corporation has fully complied with the Court's June 11, 2009 Order.

### Statement of Additional Relevant Facts

Plaintiffs Motion to Compel Compliance with the Court's June 11, 2009 Order was heard on July 8, 2009. On July 9, 2009, the Court issued its order requiring Defendant Transamerican Financial Corporation ("Transamerican") to fully comply with the June 11, 2009 Order by serving a verified response and by producing responsive documents not already produced, specifically tax returns and documents identifying shareholders, no later than July 13, 2009.

The Order further specified that failure of Transamerican to comply would result in:

> a recommendation that plaintiff be allowed to amend the complaint to name the shareholders as defendants and allege a claim that the corporate veil is pierced sufficient to find that the shareholders are liable for any judgment that may be awarded against Transamerican, and further, that said claim be deemed admitted. Paragraph 1, July 9, 2009 Order.

The Court awarded monetary sanctions of $750 to Plaintiffs payable by Transamerican. Plaintiffs were ordered to advise the court by letter brief by July 17, 2009 whether Transamerican has fully complied with the June 11, 2009 order.

Honorable Kimberly J. Mueller
United States District Court
Eastern District of California
July 17, 2009
Page 2 of 3

On July 9, 2009, Transamerican produced witnesses James Kniest and Mary Ann Kniest for telephonic deposition at 1:00 p.m.[1] Before concluding the depositions for the day, Transamerican's counsel Brian DeAmicis, Plaintiffs' counsel Marie Noel Appel and the deponents discussed the documents to be produced for compliance with the July 9, 2009 Order. Based on the conversation, Ms. Appel understood Mr. DeAmicis and the witnesses to have indicated their intent to produce the documents and responses required by the Court's Order. Ms. Appel heard nothing more from Ms. DeAmicis that week or on Monday, July 13, 2009, the date compliance was required.

On Tuesday, July 14, 2009, Ms. Appel telephoned Mr. DeAmicis to find out whether the responses and documents would be forthcoming. Mr. DeAmicis indicated that he did not know, as he had not heard back from his clients since July 9, 2009. As of the date of the filing of this letter brief, Transamerican has provided no written responses to the discovery, and has produced no documents other than what had been produced on June 10, 2009, before the June 11, 2009 order was filed.[2]

## Based on Defendant's Failure to Comply with Two Court Orders, The Issue Sanctions Set Out in the Court's July 9, 2009 Order Are Appropriate

Plaintiffs request that the Court order that the issue sanctions set out in its July 9, 2009 order be applied. *See*, Fed.R.Civ. Pro. 37(b)(2)(A); *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707-708 (1982) (under Rule 37(b)(2), failure to obey discovery order may result in matters at issue established for purposes of action). Here, defendant Transamerican has engaged in repeated failures to comply with discovery. Transamerican failed completely to respond to the discovery when it was initially served on February 17, 2009. Only after Plaintiffs filed a motion to compel, at the June 10, 2009 hearing on Plaintiffs' motion, did Transamerican produce documents responsive to some of the document requests. Transamerican provided no written response. On June 11, 2009, the Court issued an Order requiring Transamerican to provide written responses and to produce the balance of the responsive documents within 15 calendar days, or by June 26, 2009. Transamerican nevertheless produced no further documents and provided no written responses.

Even Plaintiffs' second motion to compel seeking compliance with the Court's June 11, 2009 order, and the resulting July 9, 2009 Order, was not sufficient to compel Transamerican's compliance since Transamerican has again failed to date to produce any additional documents or to provide written responses. As Transamerican has apparently simply refused to comply with the Court's orders without any justification, its actions appear to be willful. *Henry v. Gill*

---

[1] Although Defendant appeared for deposition by July 9, 2009, Plaintiffs dispute, for numerous reasons, whether that appearance constituted full compliance with the Court's July 2, 2009 Order re Depositions. However, as those issues are not pertinent to this letter-brief, they will not be discussed herein.

[2] Transamerican has not paid the monetary sanctions awarded in either the June 11, 2009 or the July 9, 2009 order.

Honorable Kimberly J. Mueller
United States District Court
Eastern District of California
July 17, 2009
Page 3 of 3

*Industries, Inc.*, 983 F.2d 943, 948 (9th Cir. 1993) ("disobedient conduct not shown to be outside the control of the litigant is all that is required to demonstrate willfulness, bad faith, or fault[]"). Although willfulness is not required for issue sanctions, that Transamerican's repeated failures to comply with discovery orders is willful should weigh more strongly in the decision of whether issue sanctions are appropriate. Cal. Prac. Guide Fed. Civ. Pro. Before Trial Ch. 11(V)-C, 11:2404 (2009) (citing *Lew v. Kona Hosp.* 754 F.2d 1420, 1426 (9th Cir. 1985); Fed.R.Civ.P. 37, Adv. Comm. Notes (1970)) (willfulness not required except for terminating sanctions).

Based on Transamerican's repeated, and apparently willful, failures to comply with discovery orders, Plaintiffs respectfully request that the court order that the issue sanctions set out in its July 9, 2009 Order be applied.

Respectfully submitted,

Marie Noel Appel